**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

IN RE APPLICATION OF THE
UNITED STATES OF AMERICA FOR
AN ORDER PURSUANT TO
18 U.S.C. § 2703(d)

No. 1:25-mc-00496-JCN

**Filed Under Seal**

**APPLICATION OF THE UNITED STATES**
**FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google LLC and Google Payment Corporation ("Google"), an electronic communications service and/or remote computing service provider headquartered at 1600 Amphitheater Parkway, Mountain View, California, to disclose certain records and other information pertaining to the Google account described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1.      Google is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Google to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated.  *See* 18 U.S.C. § 2711(3)(A)(i).

3.      A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

<u>THE RELEVANT FACTS</u>

4.      The United States is investigating an individual who used the secure messaging application Zangi[1] to convince a minor female child to send him images of Child Sexual Abuse Material ("CSAM"). The investigation concerns possible violations of, inter alia, 18 U.S.C. § 2251(a)(Production of Child Pornography) and 18 U.S.C. § 2252A(a)(2)(Receipt and Distribution of Child Pornography.

---

[1] Zangi is a privacy-focused communication app known for its serverless, decentralized platform, which means it stores no user data on any servers, eliminating tracking and data leaks. It offers high levels of encryption, exceptionally low data usage, and works well on slow internet connections. Key features include encrypted messaging and calls, HD video calls, and low-data mode for saving bandwidth. Unlike many other messengers, Zangi does not require a phone number to register, using a Zangi ID instead, which adds another layer of privacy and independence.

5.      On August 6, 2025, PCSO Detective Sgt. Dayerrick Ireland was notified of an existing complaint from a family residing in Hermon, Maine. The parents submitting the complaint advised law enforcement that their 10-year-old daughter (hereinafter Minor Victim-1, AKA "MV-1"), had been sending CSAM to a person she met online. The parents of MV-1 provided Investigators consent to search the device of MV-1 and consent for law enforcement to assume the online identity of MV-1.

6.      Investigators are aware that MV-1 met username "Typing…" on the gaming application WePlay[2] on or about July 19, 2025. "Typing…" requested MV-1 communicate with him via Zangi and add his user account with username "Andrew" and Zangi number "1081365487."  During the course of these Zangi chats, MV-1 sent "Andrew" multiple videos of herself engaged in sexually explicit conduct.  In turn, "Andrew" sent MV-1 multiple videos of other minors engaged in sexually explicit conduct.

7.      In an effort to identify "Andrew," a subpoena was sent to Zangi.  As expected, Zangi did not have a lot of data associated with user "Andrew" but Zangi did provide a series of push tokens for various Zangi telephone numbers associated with "Andrew:"

**Push Token:**
fPxSZQa7QXandVmtacGpGl:APA91bF663ygNeT1EZ_LyLzZEPx9kF6i6N1sDdG0
KH8tT0ZT4ZXgMJfNwZ4MGeRpqCWT2ZnzWmk3MeINSa2wm1m2Ysze0Rj6tn
TLbt2XQ0VQNdSmitNx1kk
**Android Unique Device Id**: 9f489f613f6cfe44

**Push Token:**

---

[2] WePlay's parent company, WEJOY Pte. Ltd., is a privately held company based in Singapore that develops and publishes social and gaming applications, primarily for young people globally. Their core product, the WePlay app, offers a platform for playing popular party games, singing karaoke, and chatting with friends in a social online entertainment environment.

eFrC0BDYTWiXcFpFGrW_5K:APA91bHP2uqvR-
QdnOOQj83VUL47ywnR51nCX3H6pr4aP_uzJt4rsvv7N1oyaAckG4kew7dpBjs7Y1qBUy
nyGawSvcCJe42qmx37mALVMvN26F5cBLgBxA
**Android Unique Device Id:** bfd09d8866f3ce74


**Push Token:**
eQ58sWsZTAqpdm3IVhvFS8:APA91bGNlS35OLwBvG2rKzi0eTNegUcP_-
MbhWTIf4squFBoybsCqAfwiqzygYCrkD1iO6LH2ewNe03ilb5DNgeue5IBbBdzxO
WuK_YUmJnVklDQw8jk-Go

**Push Token:**
edzwhTmmTkefJX6rj-
PAAB:APA91bEMmC4wSQPwUTpUc4KUjSxRcaDHzY4vuRFC27lklFiKCebiVRu
Qxw4SrDzi6SlYj84pQkRgB2jd85-aSd877dI1AIkAMM4ZAGH3_Q5DNSfG-
3TzrHs

**Push Token:**
cwTcM3Y8TiK0KZKm1RdKqm:APA91bFQKEUUTP1Lvo6oWacyGAPJ20w8IehL
FavxQYbLzRDj3IbQAsYzvvxQvAHZQ2Y7jQrVyU0Wt472OpIVkwQugznzsDNfqD
sOFVRYtgHtj8aTBq8fxBQ

**Push Token:**
fEpgRpcvS2i-h1BGnQMIb5:APA91bFIDcy7VxxOJynRygZf0at9hZDSzeDR_
ZeeQaS_zjCmxPzqq5w6KP1NTa_A6kdEDw_o7x8EIsQfZFR9bRZrvmtMS
FBAq0iqD-dXUZ3r9YD8FtOx5Y

8.    Push tokens are a unique anonymous identifier generated by a user's device (Apple (iOS) or Google (Android)) and sent to Zangi to identify where to send each recipient's notification.  If a device doesn't have a push token, there is no way to send a push notification to it.  Push tokens are generated by push service providers.  Users can choose not to have this feature turned on, without which there would be no push token associated with the account.  These push tokens will assist in obtaining "Andrew's" identity.

<u>REQUEST FOR ORDER</u>

9.    The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of

Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual who is responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Google be directed to produce all items described in Part II of Attachment A to the proposed Order.

10. The United States further requests that the Order require Google not to notify any person, including the subscribers or customers of the account listed in Part I of Attachment A, of the existence of the Order for a time period of 180 days. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the attached court order relates to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and its disclosure may alert the target to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached court order will seriously jeopardize the investigation or unduly delay a trial, including by giving the target an opportunity to flee from prosecution, destroy or tamper with evidence, change patterns of behavior, and/or intimidate potential witnesses.

11. The United States further requests that the Court order that this application and any resulting order be sealed for 180 days. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to

the target of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

ANDREW BENSON
UNITED STATES ATTORNEY


**/s/ ANDREW MCCORMACK**
ANDREW MCCORMACK
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MAINE

**ATTACHMENT A**

## I.    The Account(s)

The Order applies to certain records and information associated with Google

account with push tokens:

**Push Token:**
fPxSZQa7QXandVmtacGpGl:APA91bF663ygNeT1EZ_LyLzZEPx9kF6i6N1sDdG0
KH8tT0ZT4ZXgMJfNwZ4MGeRpqCWT2ZnzWmk3MeINSa2wm1m2Ysze0Rj6tn
TLbt2XQ0VQNdSmitNx1kk
**Android Unique Device Id**: 9f489f613f6cfe44

**Push Token:**
eFrC0BDYTWiXcFpFGrW_5K:APA91bHP2uqvR-
QdnOOQj83VUL47ywnR51nCX3H6pr4aP_uzJt4rsvv7N1oyaAckG4kew7dpBjs7Y1qBUy
nyGawSvcCJe42qmx37mALVMvN26F5cBLgBxA
**Android Unique Device Id:** bfd09d8866f3ce74

**Push Token:**
eQ58sWsZTAqpdm3IVhvFS8:APA91bGNlS35OLwBvG2rKzi0eTNegUcP_-
MbhWTIf4squFB0ybsCqAfwiqzygYCrkD1iO6LH2ewNe03ilb5DNgeue5IBbBdzxO
WuK_YUmJnVklDQw8jk-G0

**Push Token:**
edzwhTmmTkefJX6rj-
PAAB:APA91bEMmC4wSQPwUTpUc4KUjSxRcaDHzY4vuRFC27lklFiKCebiVRu
Qxw4SrDzi6SlYj84pQkRgB2jd85-aSd877dI1AIkAMM4ZAGH3_Q5DNSfG-
3TzrHs

**Push Token:**
cwTcM3Y8TiK0KZKm1RdKqm:APA91bFQKEUUTP1Lv06oWacyGAPJ20w8IehL
FavxQYbLzRDj3IbQAsYzvvxQvAHZQ2Y7jQrVyU0Wt472OpIVkwQugznzsDNfqD
sOFVRYtgHtj8aTBq8fxBQ

**Push Token:**
fEpgRpcvS2i-h1BGnQMIb5:APA91bFIDcy7VxxOJynRygZf0at9hZDSzeDR_
ZeeQaS_zjCmxPzqq5w6KP1NTa_A6kdEDw_07x8EIsQfZFR9bRZrvmtMS
FBAq0iqD-dXUZ3r9YD8FtOx5Y

## II.    Records and Other Information to Be Disclosed

Google LLC and Google Payment Corporation ("Google") is required to disclose

the following records and other information, if available, to the United States for each

account or identifier listed in Part I of this Attachment ("Account"), from the date the

account was created to the present, unless specified otherwise below, regardless of

whether such information is located within or outside of the United States:

    A.    The following information about the customers or subscribers of the

Account:

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, service addresses, residential addresses, business addresses, and e-mail addresses), and account change history;

3. Local and long distance telephone connection records (including records of text messages sent and received) from May 1, 2025 to present;

4. Records of session times and durations from May 1, 2025 to present;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including model type/numbers, phone numbers, serial numbers, Android IDs and Android Device Configuration data, network operator, IMSIs, IMEIs, MEIDs, UDIDs, MAC addresses, and advertising IDs);

7. Other subscriber numbers or identities, including any temporarily assigned network addresses (including the registration and session IP addresses with associated port numbers); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.    All records and other information (not including the contents of communications) relating to the Account, including:

1.    Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination IP addresses from May 1, 2025 to present; and

2.    Information about each communication sent or received by the Account (through services including, but not limited to, Gmail, Chat, Meet, and Messages), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers) from May 1, 2025 to present;

3.    Records and other information relating to the use of the following services, including transactional logs, metadata, user settings, and change history: Drive, Keep, Photos, YouTube, and Voice from May 1, 2025 to present;

4.    Records of purchases, downloads, updates, and use of Google and third-party apps;

5.    All Google accounts linked to the Account by cookies; recovery, secondary, forwarding; or alternate email address; Android ID; IMEI; or telephone number, including SMS recovery number or sign-in account number; and

6.    All payment and transaction data associated with the Account, including data associated with Google Pay and Google Wallet;

Google is hereby ordered to disclose the above information to the government within 14 days of issuance of this Order.